UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEAUREGARDE HOLDINGS LLP, BEAUREGARDE HOLDINGS II LLP, and SANDGLASS SELECT FUND LP,<br><br>                Plaintiffs,<br><br>v.<br><br>THE PROVINCE OF LA RIOJA,<br><br>                Defendant. | No. 24-cv-<br><br>**COMPLAINT** |

Plaintiffs Beauregarde Holdings LLP, Beauregarde Holdings II LLP, and Sandglass Select Fund LP ("**Plaintiffs**") through their undersigned attorneys, for their Complaint against defendant The Province of La Rioja (the "**Province**"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising from the Province's failure to make a contractually-mandated principal payment and a portion of an interest payment due on debt securities issued by the Province in 2017, as amended in 2021, due 2028, in which Plaintiffs own beneficial interests (the "**Notes**" or "**Debt Securities**").

2. The Province failed to make the principal payment and part of the interest payment that came due on the Notes in February 2024.

3. The Notes are governed by (i) a supplemental indenture dated as of September 24, 2021 by and between The Bank of New York Mellon, as Trustee (the "**Trustee**") and the Province as Issuer (the "**Supplemental Indenture**"), a true and accurate copy of which is attached as Exhibit 1 hereto, (ii) to the extent not amended by the Supplemental Indenture, the

original indenture by and between the Trustee and the Province as Issuer entered into on February 24, 2017 (the "**Original Indenture**" and, as amended by the Supplemental Indenture, the "**Indenture**"), a true and accurate copy of which is attached as Exhibit 2 hereto, (iii) the global notes issued by the Province under the Supplemental Indenture, the form of which is set forth in Annex A of the Supplemental Indenture (on pages A-1 through A-6 of the document), and (iv) the terms and conditions of the Notes, the form of which is set forth in Annex A of the Supplemental Indenture (the "**Terms and Conditions**") (on pages A-9 through A-22 of the document), which apply to each Note and are set forth on the reverse of each issued global note.

4. The Province did not pay any portion of the principal payment that came due on February 24, 2024 and has not paid the full amount of interest that came due on that date. Thus, an Event of Default arose under the Indenture as of February 27, 2024—*i.e.*, 3 days from the date the February 24, 2024 principal payment came due. An Event of Default with respect to the unpaid portion of the overdue interest payment arose on March 25, 2024—*i.e.*, 30 days from the date the February 24, 2024 interest payment came due.

5. In this action, Plaintiffs seek payment of all accrued, due, and unpaid principal on the Notes, interest on the Notes, interest on such interest, all other amounts that are currently due and payable, and any and all amounts that become due between now and entry of judgment in this action.

## PARTIES

6. Plaintiff Beauregarde Holdings LLP is a limited liability partnership organized and existing under the laws of England with a registered office address at 6th Floor, 9 Appold Street, London EC2A 2AP, England. Plaintiff Beauregarde Holdings LLP is the beneficial owner of $116,975,754 in principal amount of the Notes due 2028 issued by the Province bearing ISIN

USP6S52BAA07 and $5,470,814 in principal amount of the Notes due 2028 issued by the Province bearing ISIN US504216AA09.

7. Plaintiff Beauregarde Holdings II LLP is a limited liability partnership organized and existing under the laws of England with a registered office address at 6th Floor, 9 Appold Street, London EC2A 2AP, England. Plaintiff Beauregarde Holdings II LLP is the beneficial owner of $60,148,524 in principal amount of the Notes due 2028 issued by the Province bearing ISIN USP6S52BAA07 and $53,114 in principal amount of the Notes due 2028 issued by the Province bearing ISIN US504216AA09.

8. Plaintiff Sandglass Select Fund LP, is a limited liability partnership organized and existing under the laws of the Cayman Islands with a registered office address at P.O. Box 309, Ugland House, South Church Street, George Town, Grand Cayman KY1-1104, Cayman Islands. Plaintiff Sandglass Select Fund LP is the beneficial owner of $5,311,470 in principal amount of the Notes due 2028 issued by the Province bearing ISIN USP6S52BAA07.

9. Defendant the Province of La Rioja is a political subdivision of the Republic of Argentina, as defined by the Foreign Sovereign Immunities Act ("**FSIA**"), 28 U.S.C. § 1603(b) and is the issuer of the Notes. The Province is therefore also an agency or instrumentality of a foreign state, as defined by the FSIA. *Id.*

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1330 because the Province is a political subdivision of a foreign state, *i.e.*, the Republic of Argentina.

11. The Court also has subject matter jurisdiction over this action pursuant to section 10.7(d) of the Indenture, in which the Province explicitly and unconditionally waived sovereign immunity with respect to obligations under the Indenture or the Debt Securities. This section,

which "shall apply *mutatis mutandis* to this Supplemental Indenture as if set out herein," provides:

> To the extent that the Province has or hereafter may acquire any immunity (sovereign or otherwise) in respect of its obligations under the Debt Securities of this Indenture from jurisdiction of any Specified Court (or any other court that may have jurisdiction over the Province where a final non-appealable judgement may be enforced by a suit upon such judgement) or from any legal process (whether through service of notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise) with respect to itself or its property (except for property considered of the public domain or dedicated to the purpose of an essential public service or otherwise exempt from attachment or seizure under applicable Argentine and Provincial law), the Province hereby irrevocably waives such immunity in respect of its obligations under this Indenture or the Debt Securities of any Series, and, without limiting the generality of the foregoing, the Province agrees that the waivers set forth in this Indenture shall have the fullest scope permitted under the United States Foreign Sovereign Immunities Act of 1976, as amended (the "Immunities Act"), and is intended to be irrevocable for purposes of such Act.

Ex. 2 § 10.7(d). The same text appears in Section 17(d) of the Terms and Conditions. Ex. 1, Terms and Conditions § 17(d) (on page A-20 of the document).

12. This Court has jurisdiction over the Province under the FSIA because this action is based upon a commercial activity of the foreign state within the United States and/or outside the United States with a direct effect in the United States (28 U.S.C. § 1605(a)(2)). In addition, the Province has explicitly waived sovereign immunity, as set forth in Paragraph 11 above.

13. This Court also has jurisdiction over the Province pursuant to section 10.7(b) of the Indenture, which "shall apply *mutatis mutandis* to this Supplemental Indenture as if set out herein," which provides, in relevant part:

> The Province irrevocably submits to the exclusive jurisdiction of any U.S. federal or New York State court sitting in the Borough of Manhattan, the City of New York, and the courts of Argentina and, in each case any appellate court from any court thereof (each, a "Specified Court"), in any suit, action or proceeding arising out of or relating to the Debt Securities (unless otherwise specified in the Terms of the applicable Series) or this Indenture and irrevocably agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in such Specified Court.

Ex. 2 § 10.7(b).  The same text appears in section 17(b) of the Terms and Conditions.  Ex. 1, Terms and Conditions § 17(b) (on page A-20 of the document).

14. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is subject of the action is situated, in this District.  Alternatively, to the extent there is no judicial district in which an action may otherwise be brought, venue is proper in this District because the Province is subject to this Court's personal jurisdiction.

15. Venue is also proper in this Court pursuant to section 10.7(b) of the Indenture, which "shall apply *mutatis mutandis* to this Supplemental Indenture as if set out herein," which provides, in relevant part:

> The Province also irrevocably waives, to the fullest extent permitted by law, any objection to venue or defense of an inconvenient forum to the maintenance of any such suit, action or proceeding in such jurisdiction.

Ex. 2 § 10.7(b).  The same text appears in section 17(b) of the Terms and Conditions.  Ex. 1, Terms and Conditions § 17(b) (on page A-20 of the document).

16. In the Terms and Conditions, section 17(c), the Province appointed "CT Corporation System, with an office on the date hereof at 111 Eighth Avenue, New York, NY 10011, United States of America"[1] "as its agent … to receive on behalf of the Province and its property service of any summons and complaint and other process which may be served in any such suit, action or proceeding brought in such New York State of U.S. federal court sitting in New York City in the Borough of Manhattan."  Ex. 1,  Terms and Conditions § 17(c) (on page A-20 of the document).

---

[1] The current New York address for CT Corporation Systems is 28 Liberty Street, New York, NY 10005.

17. Section 10.7(a) of the Indenture provides that the "Indenture and the Debt Securities … shall be governed by and in accordance with the laws of the State of New York." Ex. 2 § 10.7(a).

## FACTUAL ALLEGATIONS

18. The Plaintiffs own beneficial interests in the Notes, as specified above and in Exhibit 3 hereto. Plaintiffs hold, in aggregate, more than 50% of the total outstanding principal amount of the Notes. The Province is in default of its obligation to make certain principal and interest payments required under the terms of the Notes, as specified in Exhibit 3 hereto, and as explained more fully below. As of the date of this Complaint, the aggregate unpaid principal and interest on the Notes due and owing to Plaintiffs is $9,693,121.05. Plaintiffs reserve the right to seek payment of additional outstanding interest, including interest on such interest, and any principal that becomes due between now and entry of judgment in this action.

19. In March 2017, the Province issued $200 million in Notes. In December 2017, the Province issued an additional $100 million in principal amount of the Notes under the Original Indenture forming a single series with the Notes issued in March 2017. The Province failed to make payment on those Notes beginning in August 2020.

20. Following these Events of Default under the Original Indenture, on August 31, 2021, the Province sought to restructure the Notes and issued a Solicitation of Consents to Certain Amendments to the Notes, which was modified on September 3, 2021 by a Supplement to Consent Solicitation (the "**Consent Solicitation**"). In the Consent Solicitation, the Province proposed to modify the original terms of the Notes. In response to the Consent Solicitation, the required consents necessary to effect a modification of the Notes were received from holders of more than 75% of the aggregate principal amount of the outstanding Notes.

21.     Following the Consent Solicitation, in September 2021, the Province and the Trustee entered into the Supplemental Indenture, effecting "Reserve Matter Modifications" within the meaning of Section 1.1 of the Indenture and restructuring the Province's payment obligations under the Notes.

22.     Section 2 of the Supplemental Indenture provides that "the Global Notes representing the Notes held by the Depositary or its nominee shall be amended and restated to conform to the form attached hereto as Annex A ... For all purposes under the Indenture, the Amended Notes issued hereunder shall replace in their entirety the Notes initially issued by the Province pursuant to the Indenture."

23.     Where the Supplemental Indenture did not amend the Original Indenture, however, the Original Indenture "is in all respects ratified and confirmed and all the terms, conditions and provisions thereof shall remain in full force and effect." Ex. 1 § 6.

24.     The Notes are therefore governed by the terms set forth in the Original Indenture, as amended by the Supplemental Indenture, and the terms of the Notes are set forth in the Terms and Conditions.

25.     The total principal amount outstanding of the Notes following the restructuring is $318,427,444. This amount remains outstanding to date.

26.     For the period from and including February 24, 2023 to but excluding February 24, 2024, the Notes accrued interest at the annual rate of 6.5%. Thereafter, for the period from and including February 24, 2024 to but excluding February 24, 2028, the Notes will accrue interest at a rate of 8.5% per annum. Ex. 1 at A-3-A-4. The Notes provide for payment of interest on a semi-annual basis on February 24 and August 24 of each year during the term of the Notes, starting August 24, 2021 with the first interest payment due February 24, 2022. Any

amounts which are not paid when due accrue interest at the rate of 9% per annum pursuant to CPLR §§ 5001 and 5004.

27. The Notes provide for payments of principal in nine installments with the first principal payment due on February 24, 2024. The principal amount payable on February 24, 2024 was $15,921,372 (5% of the total principal amount outstanding of the Notes). The remaining installments are each in the amount of $37,813,259 (11.875% of the total principal amount) and come due on August 24, 2024, February 24, 2025, August 24, 2025, February 24, 2026, August 24, 2026, February 24, 2027, August 24, 2027, and February 24, 2028. The Notes' stated final maturity date, upon which their remaining principal will become due, if maturity is not accelerated, is February 24, 2028.

28. Pursuant to the terms of the Notes, on February 24, 2024, the Province was obliged to make a payment of principal in the amount of $15,921,372 and a payment of interest accrued from and including August 24, 2023 to but excluding February 24, 2024 at a rate of 6.500% per annum, being $10,348,891.93 (the "**February 2024 Coupon**").

29. Section 2(a) of the Terms and Conditions provides that "[t]he Province covenants and agrees that it will duly and punctually pay or cause to be paid the principal of, and premium, if any, and interest (including Additional Amounts) on, the Notes and any other payments to be made by the Province under the Notes and the Indenture, at the place or places, at the respective times and in the manner provided in the Notes and the Indenture." Ex. 1, Terms and Conditions § 2(a) (on page A-9 of the document).

30. Pursuant to section 6 of the Terms and Conditions, an Event of Default occurs when "the Province fails to pay any principal due on any Notes when due and payable for three (3) days after the applicable Payment Date". Ex. 1, Terms and Conditions § 6(a)(i) (on page A-

15 of the document). Pursuant to section 6 of the Terms and Conditions, an Event of Default also occurs when "the Province fails to pay any interest or Additional Amounts due on any Notes when due and payable for thirty (30) days after the applicable Payment Date". *Id.* § 6(a)(ii).

31. Beginning on February 24, 2024 and continuing to date, the Province has failed to make a payment of principal in the amount of $15,921,372 contractually required under the terms of the Notes.

32. Beginning on February 24, 2024 and continuing to date, the Province has failed to make payment of a portion of the interest accrued from and including August 24, 2023 to but excluding February 24, 2024 at a rate of 6.5% per annum, in the amount of $500,000. Upon information and belief, although the Province did remit the full amount of the February 2024 Coupon to the Trustee, the Trustee withheld certain amounts as a reserve for itself. As a result, the Province has not fully discharged its payment obligations with respect to the February 2024 Coupon.

33. As of the date of this Complaint, the aggregate unpaid principal and interest on the Notes due and owing to Plaintiffs (not including interest on overdue amounts) is $9,693,121.05.

34. The Province's failure to pay principal and interest due and owing on the Notes is a continuing event of default under the Notes.

35. Pursuant to Section 5.1 of the Indenture, "The Province expressly acknowledges, with respect to the right of any Holder to pursue a remedy under the Indenture or the Debt Securities, the right of any beneficial holder of Debt Securities to pursue such remedy with respect to the portion of the Global Note that represents such beneficial holder's Debt Securities as if Certificated Securities had been issued to such beneficial holder." Original Indenture

Section 5.1, as amended by Supplemental Indenture Section 1(e). This same language is included in the Terms and Conditions in Section 6(b). Ex. 1, Terms and Conditions § 6(b).

36. Additionally, Section 5.7 of the Indenture provides that the Holder of a Note (as defined by the Indenture) "shall have the right, which is absolute and unconditional, to receive payment of the principal of and interest on (including Additional Amounts) its Debt Security on the Stated Maturity Date for such payment." Ex. 2 § 5.7.

37. Plaintiffs acquired the Notes for investment purposes and not for the purpose of pursuing this lawsuit. Plaintiffs purchased the Notes for a sum of more than $500,000 in the aggregate.

## CLAIM FOR RELIEF

(Breach of Contract)

38. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37.

39. The Province is a party to the Indenture and each of the Notes in which the Plaintiffs hold beneficial interests.

40. Since February 24, 2024, the Province has failed to make required principal payments and the full amount of the interest payment due to Plaintiffs as required by the terms of the Indenture and the Notes.

41. On the Principal Payment Date of February 24, 2024, $15,921,372 became due and payable, yet the Province failed to make the required payment. As more than 3 days have passed since this amount became due and payable, an Event of Default has occurred under the terms of the Notes. The Province has breached the Indenture by failing to make the principal payment due on February 24, 2024.

42. On the Interest Payment Date of February 24, 2024, amounts became due and payable, yet the Province has failed to make the required payments in full and a shortfall of

$500,000 remains. As more than 30 days have passed since this amount became due and payable, an Event of Default has occurred under the terms of the Notes. The Province has breached the Indenture by failing to make full payment of the interest payment due on February 24, 2024.

43. As a result of the Province's breaches, it owes each Plaintiff the corresponding amount set forth on Exhibit 3 hereto, in the aggregate amount of $9,693,121.05, plus any later-accrued and unpaid principal and interest, additional interest on any unpaid overdue principal and interest payments, prejudgment interest, and all other amounts that are payable under the terms of the Indenture and the Notes and any and all amounts that become due between now and entry of judgment in this action.

## REQUEST FOR RELIEF

Plaintiffs demand judgment against the Province, as follows:

a. A money judgment in favor of each Plaintiff against the Province in the amounts set forth on Exhibit 3, in the aggregate amount of $9,693,121.05, together with any later-accrued and unpaid principal and interest, additional interest on such unpaid principal and interest and all other amounts that are payable under the terms of the Indenture and the Notes and any and all amounts that become due between now and entry of judgment in this action;

b. All costs, prejudgment interest, attorneys' fees; and

c. Such other and further relief as the Court shall deem just and proper.

| | |
|---|---|
| DATED: April 18, 2024 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | |
| | _____ |
| | Dennis H. Hranitzky |
| | 2755 E. Cottonwood Parkway, Suite 430 |
| | Salt Lake City, UT 84121 |
| | Tel: 801-515-7300 |
| | Fax: 801-515-7400 |
| | dennishranitzky@quinnemanuel.com |
| | |
| | Debra D. O'Gorman |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Tel: 212-849-7000 |
| | Fax: 212-849-7100 |
| | debraogorman@quinnemanuel.com |
| | |
| | *Attorneys for Plaintiffs Beauregarde Holdings LLP, Beauregarde Holdings II LLP and Sandglass Select Fund LP* |