**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7220**

WRITER'S EMAIL ADDRESS
**debraogorman@quinnemanuel.com**

May 26, 2026

**By ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:**  *Beauregarde Holdings LLP et al. v. Province of La Rioja*, No. 1:24-cv-02955-DLC and
25-CV-02280-DLC — Letter Motion to Seal

Dear Judge Cote:

We represent Plaintiffs Beauregarde Holdings LLP ("**Beauregarde**") and Beauregarde Holdings
II LLP ("**Beauregarde II**") in the above-referenced actions and write pursuant to Rule 8.B of the
Court's Individual Practices to request leave to file a letter motion under seal.

Beauregarde and Beauregarde II intend to file a letter motion contemporaneously herewith
regarding certain actions taken with respect to the bonds that are the subject of the judgments
entered by Your Honor in the above-referenced actions. The letter motion will contain sensitive
nonpublic commercial information, including transaction details and confidential information
regarding the internal operations, compliance procedures, and custodial arrangements of
Beauregarde, Beauregarde II and their investment adviser.  Public disclosure of this information
would compromise the commercial interests and operational security of Beauregarde and
Beauregarde II and their investment adviser.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists
to overcome the presumption of open access to documents filed[.]"  *Geller v. Branic Int'l Realty
Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In evaluating a party's request to file under seal, courts
balance the competing interests of the presumption of public access to judicial documents against
"countervailing factors," including the "privacy interests of those resisting disclosure."  *Lugosch
v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).  Protecting sensitive business

**quinn emanuel urquhart & sullivan, llp**
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI |
SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

information is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted).

The confidential nature of the actions taken with respect to the bonds, the operational details, compliance procedures, and custody arrangements at issue here satisfies that good cause standard. The proposed sealing is narrowly tailored to this single letter motion; all other filings in these actions, and all entries on the public docket, will remain accessible.

We respectfully request that Your Honor permit Beauregarde and Beauregarde II to file the letter motion under seal with the Sealed Records Department of the Southern District of New York. Counsel for the Province of La Rioja has been made aware of this request and takes no position but notes that the proceedings in the case thus far have not been under seal.

We appreciate the Court's consideration of this request.

Respectfully submitted,

*/s/ Debra D. O'Gorman*
Debra D. O'Gorman

Cc: All Counsel of Record via ECF

2